UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KALLISTA CONSULTANTS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>LEGACY HEALTH, an Oregon non-profit corporation, d/b/a LEGACY HEALTH SYSTEMS,<br><br>Defendant. | NO.<br><br>**COMPLAINT FOR BREACH OF CONTRACT**<br><br>**JURY DEMAND** |

Plaintiff Kallista Consultants, Inc. ("Kallista") brings this Complaint for monetary damages against Defendant Legacy Health d/b/a Legacy Health Systems ("Legacy"). Kallista alleges as follows:

**I. PARTIES**

1.1     Plaintiff Kallista Consultants, Inc. at all times material to this action, was a duly registered and authorized corporation under the laws of the state of

COMPLAINT - 1

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

667408.6/023391.00005

Washington, with its principal place of business in Kent, Washington.

1.2     Legacy is a non-profit corporation authorized to do business under the laws of the state of Oregon, with its principal place of business in Portland, Oregon. Legacy owns and operates hospitals and healthcare clinics in the Portland, Oregon and Vancouver, Washington metro areas.

## II.  JURISDICTION AND VENUE

2.1     This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a)(1) because the parties are of diverse citizenship and the amount in question exceeds $75,000.

2.2     Venue is proper in this District under 28 U.S.C. § 1391(a)(1) and (2) because Defendant resides in this District, and events giving rise to this claim occurred in this District.

## III.  FACTS ENTITLING KALLISTA TO RELIEF

3.1     Kallista provides consulting and support services to hospitals and clinics for the installation and implementation of clinical information management systems and related medical record and revenue cycle management software packages.

3.2     Legacy owns and operates health care hospitals and clinics in Oregon and Washington.

3.3     Kallista has provided consulting and support services to Legacy since 2002.

**A.  The Contract**

3.4     On or about February 29, 2008, Kallista and Legacy executed a written services contract (hereinafter, the "Contract") under which Kallista agreed to serve as a project director and to provide consulting and support services to assist

COMPLAINT - 2

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

667408.6/023391.00005

Legacy with the installation and implementation of replacement electronic health record systems known as the Epic Clinical Information System and Ambulatory Electronic Medical Record software (hereinafter "Epic Project"). These systems were to be installed at all of Legacy's hospitals and clinics.

3.5     Under the Contract, Legacy agreed to pay Kallista a fixed fee of $38,950 per month for Kallista Project Directorship professional services and expenses. In addition, Legacy agreed to pay Kallista for all additional expenses incurred by Kallista in performing work under the Contract, including all fees, costs and expenses related to work performed by independent consultants retained by Kallista.

3.6     The Contract provides that Kallista invoices are due and payable within thirty (30) days after submission to Legacy. The Contract also provides that Legacy must state any objection to a Kallista invoice within seven (7) days after delivery.

3.7     The Contract provides that either Legacy or Kallista had the right to voluntarily terminate the Contract without cause on thirty (30) days written notice to the other party.

**B. The Epic Project**

3.8     Kallista began work on the Epic Project in March of 2008.

3.9     Over time, Kallista retained a team of nine independent consultants for the Epic Project. The independent consultants invoiced Kallista for their fees and expenses, which Kallista paid or is obligated to pay. Kallista invoiced Legacy for the fees and expenses associated with these independent consultants' work on the Epic Project.

3.10    Legacy accepted Kallista's services and consistently paid its

COMPLAINT - 3

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

667408.6/023391.00005

invoices until July 15, 2010.

3.11   By mid-summer 2010, the system build and testing phases of the Epic Project were nearing completion. The initial implementation and installation phase of the Project was scheduled to "go live" at two of Legacy's clinics on early August 2, 2010.

### C. Termination of the Contract

3.12   On July 15, 2010, at 7:20 a.m., Kallista delivered a letter to Legacy which provided notice of termination of the Contract effective August 15, 2010, per the contract.

3.13   On July 15, 2010, at 3:30 p.m., Legacy delivered a letter to Kallista's president, Sharon Crawford, also terminating the Contract effective as of August 15, 2010 ("Legacy Termination Notice").

3.14   The Legacy Termination Notice claimed (without supporting information) that Kallista had not adequately satisfied its contractual obligations and further stated that Legacy disputed all outstanding and future Kallista invoices. Legacy had not notified Kallista of any deficient work or objected to any Kallista invoice prior to delivering the Legacy Termination Notice.

### D. Damages

3.15   Kallista continued to incur fees, costs and expenses through August 15, 2010, the effective date of termination of the Contract. Following the Legacy Termination Notice, Legacy required that three of Kallista's independent consultants continue to work at Legacy on the Epic Project through August 15, 2010. Those independent consultants continued to work through August 15, 2010.

3.16   After July 15, 2010, Kallista formally demanded payment of all

COMPLAINT - 4

SHORT CRESSMAN
& BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

667408.6/023391.00005

Kallista invoices that were delivered on or before July 8, 2010. Legacy failed to make timely objection to invoices delivered on or before July 8, 2010, and consequently, Legacy had no legal basis to withhold payment of those invoices. Those Kallista invoices total $34,029.15.

3.17   After receiving the Legacy Termination Notice, Kallista formally requested that Legacy give additional assurances of performance of its contractual obligations. Legacy responded by restating that it disputes and will dispute all outstanding and future Kallista invoices.

3.18   Kallista submitted invoices to Legacy for fees, costs and expenses incurred through the period ending on August 15, 2010. These invoices remain unpaid. Despite demands for payment of Kallista's invoices, Legacy has refused payment.

3.19   In total, Legacy owes Kallista more than $300,000.00 for fees, costs and expenses incurred under its Contract.

## IV. COUNT I: BREACH OF CONTRACT

4.1   Kallista incorporates by reference paragraphs 1.1 through 3.19.

4.2   Legacy breached its Contract by refusing to pay Kallista money due and owing under the Contract.

4.3   As a result of Legacy's breaches, Kallista has been damaged in an amount to be proven at trial, but no less than $300,000.00.

## V. COUNT II: ACCOUNT STATED

5.1   Kallista incorporates by reference paragraphs 1.1 through 4.3.

5.2   Legacy received Kallista's invoices on or before July 8, 2010 and failed to object to them. Legacy paid Kallista invoices without objection until the Legacy Termination Notice was delivered.

COMPLAINT - 5

SHORT CRESSMAN & BURGESS PLLC
999 Third Avenue, Suite 3000, Seattle, WA 98104-4088
206.682.3333 phone | 206.340.8856 fax | www.scblaw.com

667408.6/023391.00005

5.3   An account stated exists with respect to all Kallista invoices delivered and Legacy payments received on or before July 8, 2010.

## VI. JURY DEMAND

6.1   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Kallista respectfully requests a trial by jury on all issues properly triable by jury.

## VII. PRAYER FOR RELIEF

Plaintiff Kallista prays for relief against Defendant Legacy as follows:

7.1   Judgment for damages in an amount to be proven at trial;

7.2   Judgment awarding prejudgment interest at twelve percent (12%) per annum and taxable costs as allowed by law;

7.3   Judgment awarding attorneys fees as may be allowed by law or equity; and

7.4   For such other and further relief as the Court deems just and proper.

SHORT CRESSMAN & BURGESS PLLC

By_____s/Paul J. Dayton_____
Paul J. Dayton, WSBA No. 12619
pdayton@scblaw.com
Gregory T. Hixson, WSBA No. 39223
ghixson@scblaw.com
999 Third Avenue, Suite 3000
Seattle, Washington 98104-4088
Phone: (206) 682-3333
Fax: (206) 340-8856
Attorneys for Plaintiff Kallista Consulting, Inc.

COMPLAINT - 6

667408.6/023391.00005